# In the United States Court of Federal Claims

No. 20-771L
(Filed September 10, 2021)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
AYINDE MOHN,                     *
                                 *
                Plaintiff,       *
                                 *
        v.                       *
                                 *
THE UNITED STATES,               *
                                 *
                Defendant.       *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

In this matter plaintiff, representing himself, has filed a motion for summary judgment. *See* ECF No. 17. But in lieu of filing an answer to the complaint, defendant had already moved to dismiss the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) and for failure to state claim upon which relief can be granted, under RCFC 12(b)(6). *See* ECF No. 8. Defendant has now moved to stay briefing on the motion for summary judgment, pending resolution of the motion to dismiss the case. ECF No. 18.

The Court appreciates Mr. Mohn's rapid response, which was filed one day after the motion. *See* ECF No. 19. The response, however, does not seem to address the grounds for the requested stay, discussing instead questions of the merits and our jurisdiction. As the government has noted, our court will routinely stay consideration of a motion for summary judgment when a motion to dismiss the case is pending, particularly when jurisdiction has been challenged. *See* ECF No. 8 at 4 (citing, *inter alia*, *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1363 (Fed. Cir. 2021); *Stephan v. United States*, 117 Fed. Cl. 68, 70 (2014)); *see also Arunachalam v. United States*, No. 16-358, 2020 WL 5412752, at *3 (Fed. Cl. Sept. 9, 2020). This practice rests on more than mere considerations of efficiency or convenience, as "a court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits of the case." *De La Cruz Jimenez v. United States*, No. 19-

- 2 -

1761C, 2021 WL 303307, at *2 (Fed. Cl. Jan. 28, 2021) (citing *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (cleaned up); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998). Because a determination of the jurisdictional questions could obviate the need to address the merits of Mr. Mohn's case, and plaintiff has identified no hardship or countervailing inefficiencies to justify moving forward on his motion, good cause exists for granting the government's motion to stay briefing. The motion to stay, ECF No. 18, is accordingly **GRANTED**, and briefing on the motion for summary judgment is **STAYED** pending determination of the motion to dismiss the case.

**IT IS SO ORDERED.**

                                                  s/ Victor J. Wolski
                                                  **VICTOR J. WOLSKI**
                                                  Senior Judge