# In the United States Court of Federal Claims

No. 20-771L
(Filed December 21, 2021)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
AYINDE MOHN,                     *
                                 *
              Plaintiff,         *
                                 *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

Plaintiff Ayinde Mohn[1] filed this case ostensibly seeking a writ of mandamus to compel the Secretary of the Interior to enroll him as a member of the Cherokee Nation tribe of Native Americans. *See* Compl. at 1–11. He alleges he is a descendant of Jesse and Betsy Reese and that in 1901 a member of the Dawes Commission, Thomas B. Needles, improperly enrolled the Reese family as Cherokee Freedmen rather than Native Cherokees. *Id.* at 10–11. According to Mr. Mohn, Needles "intentionally committed aggravated felony perjury" by these actions, *id.* at 13, in violation of Section 21 of the Act of June 28, 1898 (Curtis Act), ch. 517, 30 Stat. 495---which required the Dawes Commission to follow the roll of Native Cherokee citizens compiled by the tribe in 1880, Compl. at 1, 10–12. Plaintiff further alleges that the misclassification of the Reeses enabled them to be "defrauded" of their allotted land by unspecified conveyances in Oklahoma state courts, in violation of the procedures required by the version of 25 U.S.C. § 81 in effect prior to March 14, 2000. *See id.* at 2–3 n.3, 16–17. And Mr. Mohn maintains that the Department of the Interior's Bureau of Indian Affairs (BIA) violated the two aforementioned statutes, as well as Section 27 of the Act of July 1, 1902 (1902

---

[1] Plaintiff's full name is, apparently, Abiodun Akinbola Ayinde Mohn. *See* Affidavit, ECF No. 1-3. He dropped his first two names in the above-captioned case but used various permutations of his name in other cases. *See, e.g., Mohn v. United States*, Nos. 15-321L & 15-409 (Fed. Cl. Jun. 22, 2016) (omitting middle names).

Act), ch. 1375, 32 Stat. 716, in denying his efforts in 2012 and 2013 to be issued a Certificate of Degree of Indian Blood (CDIB) based on his Reese ancestry. Compl. at 16; see also *id.* Ex. E. He asserts that recognition of his Native Cherokee status would entitle him to Individual Indian Money accounts based on an interest in valuable restricted lands. Compl. at 11.

The government has moved, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), to dismiss the complaint as being outside this court's subject-matter jurisdiction and failing to state a claim for which relief can be granted. *See* Def.'s Mot. to Dismiss (Def.'s Mot.) at 1. As to jurisdiction, the government maintains that plaintiff has failed to identify a money-mandating statute that can support jurisdiction in this court and that the events giving rise to Mr. Mohn's claims occurred more than six years (and some more than a century) before his complaint was filed, rendering them untimely. *Id.* at 20–21 (citing 28 U.S.C. § 2501). Additionally, defendant contends that all plaintiff's claims are precluded by his previous, and unsuccessful, attempts to litigate these same claims in both this court and other federal courts. *Id.* at 13–16. Plaintiff has also filed a motion for summary judgment, concerning which the Court stayed briefing pending resolution of the government's motion to dismiss the complaint. *See* Order (Sept. 10, 2021), ECF No. 20, at 1–2. For the reasons stated below, the motion to dismiss the case is **GRANTED** and the motion for summary judgment is **DENIED-AS-MOOT**.

This complaint represented Mr. Mohn's eighteenth attempt to challenge the non-recognition of his ancestors' status as native Cherokees. *See Mohn v. United States*, No. 15-321L & 15-409L (Fed. Cl. Jun. 22, 2016); *Mohn v. United States*, No. 16-211L (Fed. Cl. Feb 10, 2016); *Mohn v. United States*, No. 16-618L (Fed. Cl. May 25, 2016); *Mohn v. United States*, No. 16-655L (Fed. Cl. June 3, 2016); *Mohn v. United States*, No. 16-740L (Fed. Cl. June 17, 2016); *Mohn v. United States*, No. 16-741L (Fed. Cl. June 17, 2016); *Mohn v. United States*, No. 16-cv-460 (N.D. Okla. July 13, 2016); *Mohn v. Zinke, et al.*, No. 16-cv-291 (E.D. Okla. June 29, 2016) *Mohn v. Zinke, et al.*, No. 16-cv-292 (E.D. Okla. June 29, 2016); *Mohn v. Zinke, et al.*, No. 16-cv-293 (E.D. Okla. June 29, 2016); *Mohn v. Zinke, et al.*, No. 16-cv-310 (E.D. Okla. July 13, 2016); *Mohn v. Zinke, et al.*, No. 16-cv-466 (E.D. Okla. Oct. 27, 2016); *Mohn v. Zinke, et al.*, No. 16-cv-473 (E.D. Okla. Oct. 6, 2016); *Mohn v. Zinke, et al.*, No. 16-cv-495 (E.D. Okla. Nov. 10, 2016); *Mohn v. Zinke, et al.*, No. 16-cv-499 (E.D. Okla. Nov. 15, 2016); *Mohn v. Zinke, et al.*, No. 16-cv-500 (E.D. Okla. Nov. 15, 2016). All of the previous cases were dismissed.[2] Defendant contends that, in light of these prior cases dismissing essentially identical claims, res judicata operates to bar the claims' relitigation in this court. Def.'s Mot. at 13–16.

---

[2] A nineteenth, also filed in our court, was dismissed last month. *See Mohn v. United States*, No. 21-922, 2021 WL 5122006 (Fed. Cl. Nov. 4, 2021).

In his opposition to the motion to dismiss this case, plaintiff argues that res judicata does not apply, focusing on a Tenth Circuit decision which, in part, rejected his "heir theory" as a basis to pursue payment of Indian account funds. Pl.'s Reply to Def.'s Answer (Pl.'s Resp.) at 45–46 (citing *Mohn v. Zinke*, 718 F. App'x 762, 764 (10th Cir. 2018)). According to Mr. Mohn, the cases in the Tenth Circuit did not involve injury to himself, and he contends that none of his previous cases involved violations of Section 21 of the Curtis Act, Section 27 of the 1902 Act, and 25 U.S.C. § 81 --- the latter of which he maintains is money-mandating. *Id.* at 46, 49–50. He also argues that our court may issue a writ of mandamus, *id.* at 46–48, and that no statute of limitations applies to the statutory violations he raises, because these purportedly involve constitutional rights, *id.* at 50.

While a pro se plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed, *see, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). In considering a motion to dismiss for want of subject-matter jurisdiction, the court accepts as true all factual allegations made by the pleader and draws all reasonable inferences in a light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002). But even if Mr. Mohn's allegations concerning the perfidy of Commissioner Needles were true, this court does not have jurisdiction over the matter.

The most obvious hurdle that Mr. Mohn cannot surmount is the issue of timeliness. Plaintiff does not dispute that he failed to file the complaint in this case within six years of the Bureau of Indian Affairs' rejection of his application for a Certificate of Degree of Indian Blood, *see* Ex. E to Compl.,[3] and the alleged acts of Mr. Needles took place over 100 years ago, *see id.* at 12–14, 16 & Ex. D. Concerning the alleged (but unspecified) land conveyances in violation of 25 U.S.C. § 81, the portion of that statute which Mr. Mohn contends is money-mandating, *see* Pl.'s Resp. at 49–50, was eliminated as of March 14, 2000. *Compare* 25 U.S.C. § 81 (1994) (authorizing lawsuits in the name of the United States to recover certain excessive payments) *with* 25 U.S.C. § 81 (2006) (no longer containing such a provision). Thus, any violation triggering that provision would have occurred more than twenty years before he filed this lawsuit. Clearly, Mr. Mohn's claims are untimely under our six-year statute of limitations period and, thus, are not within the court's jurisdiction. 28 U.S.C. § 2501; *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136 (2008). Plaintiff attempts to avoid the limitations period

---

[3] The letter from the BIA denying Mr. Mohn's appeal of the CDIB decision was evidently stamped with the wrong date, and was issued on January 6, *2014*, not January 6, 2013. The final correspondence Mr. Mohn received from the BIA on the matter appears to have been sent on May 29, 2014. *See Mohn v. United States*, No. 15-321L (Fed. Cl.), ECF No. 32 at 43.

by claiming that the statutes in question somehow protect his *constitutional* rights and arguing that there can be no statute of limitations applicable to claims for violations of constitutional rights. Pl.'s Resp. at 50. But his premise is unexplained, and his legal conclusion is mistaken. *See, e.g.*, *Camacho v. United States*, 494 F.2d 1363, 1369 (Ct. Cl. 1974) (finding a Fifth Amendment takings claim barred as untimely).

Another problem for plaintiff is that, to establish jurisdiction, he must identify a money-mandating law which was allegedly violated by the government. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). On their faces, neither Section 21 of the Curtis Act nor Section 27 of the 1902 Act have any language concerning the payment of money to anyone if the sections are violated, and Mr. Mohn does not contend to the contrary. Rather, as noted above, plaintiff focuses solely on a long-repealed provision that used to be part of 25 U.S.C. § 81. *See* Pl.'s Resp. at 49–50. But that provision authorized lawsuits *on behalf of* the United States to collect excessive payments made by an Indian or a tribe, *see United States ex rel. Bernard v. Casino Magic Corp.*, 384 F.3d 510, 513–14 (8th Cir. 2004), not lawsuits *against* the United States, and thus is not a money-mandating statute for our purposes.[4]

Moreover, under issue preclusion, or collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). For these purposes, a court "has jurisdiction to determine its jurisdiction." *Land v. Dollar*, 330 U.S. 731, 739 (1947). In one of Mr. Mohn's many previously-filed cases in our court concerning the same factual allegations as this one, he alleged violations of 25 U.S.C. § 81, Section 21 of the Curtis Act, and Section 27 of the 1902 Act. *See Mohn v. United States*, No. 16-211L (Fed. Cl. Feb. 10, 2016), Compl., ECF No. 1 at 1–2; *id.*, Am. Compl., ECF No. 8-1 at 1–3. That case was dismissed for lack of subject-matter jurisdiction, as our court did not find a money-mandating statute to have been identified by Mr. Mohn. *See Mohn v. United States*, No. 16-211L, Order of Dismissal, ECF No. 20 at 1–3 (Fed. Cl. Aug. 3, 2016). This previous determination of a lack of jurisdiction over the same claims between the same parties under the same statutes in the same court is itself a sufficient basis for granting a motion to dismiss a case under RCFC 12(b)(1). *See Chisolm v. United States*, 82 Fed. Cl. 185, 194 (2008).

---

[4] When the provision was in force, it perhaps could have given rise to a trust obligation on the part of the federal government when a lawsuit against a third party had collected such overpayments, one-half of which were to "be paid into the Treasury for the use of the Indian or tribe by or for whom it was so paid." 25 U.S.C. § 81 (1994). This case does not present such a circumstance.

And in any event, the relief requested by Mr. Mohn, a writ of mandamus, cannot issue from this court. As the defendant notes, Def.'s Mot. at 16, the Court of Federal Claims lacks general equitable powers, *see United States v. Testan*, 424 U.S. 392, 398, (1976), and Congress has given the district courts jurisdiction over writs of mandamus, *see* 28 U.S.C. § 1361. Our court simply "lacks jurisdiction to hear mandamus petitions." *Del Rio v. United States*, 87 Fed. Cl. 536, 540 (2009). For all the above reasons, the motion to dismiss the case for lack of subject-matter jurisdiction is **GRANTED**.[5]

As Mr. Mohn has failed to state a claim within the court's subject-matter jurisdiction, his complaint must be dismissed. The defendant's motion to dismiss the complaint is **GRANTED**, and all other motions are **DENIED-AS-MOOT**. The Clerk shall close the case.

**IT IS SO ORDERED.**

*[signature]*
VICTOR J. WOLSKI
Senior Judge

---

[5] The Court notes that, in the alternative, a dismissal for failure to state a claim upon which relief can be granted, under RCFC 12(b)(6), is warranted, due to the preclusive effect of the dismissals on the merits of his litigation against the federal government in the Oklahoma district courts. *See Mohn v. Zinke*, 718 F. App'x 762, 764 (10th Cir. 2018); *Mohn v. Zinke*, 688 F. App'x 554, 557 (10th Cir. 2017).